UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER TREJO MORA,<br><br>              Petitioner,<br><br>vs.<br><br>KEITH YORDY,<br><br>              Respondent. | Case No. 1:15-cv-00579-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

This case has been reassigned to this Court for final adjudication of Petitioner Peter Trejo Mora's Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 1.) Respondent has filed a Response asserting that Petitioner's claims are procedurally defaulted, noncognizable, or fail on the merits. (Dkt. 10.) Petitioner has elected not to file a reply. Accordingly, the Petition is now fully briefed and ripe for adjudication.

The Court takes judicial notice of the record from Petitioner's state court proceedings, lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record and having considered the arguments of the parties, the Court finds that the parties have adequately presented the facts and legal

arguments in the briefs and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## REVIEW OF PETITION

1. **Standard of Law**

    A. *Preliminary Procedural Requirements*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state like Idaho, that has the possibility of discretionary review in the highest appellate court, with assignment of most criminal cases to the intermediate court of appeals, the petitioner must have presented all of his federal claims in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim

**MEMORANDUM DECISION AND ORDER - 2**

before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default *and* prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### B. *Review of the Merits of the Claims*

#### i. AEDPA Standard

A federal habeas corpus action challenging a state court judgment is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

**MEMORANDUM DECISION AND ORDER - 3**

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

### ii. De Novo Standard

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for the procedural default of a claim exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw

from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal district court is not limited by § 2254(e)(1), but may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## 2. Background

On January 1, 2012, Petitioner raped his 21-year-old niece. He was indicted by a grand jury on charges of rape and of being a persistent violator. In a criminal action prosecuted in the Third Judicial District Court in Canyon County, Idaho, Petitioner pleaded guilty to the rape charge, and the State agreed to dismiss the persistent violator charge. (State's Lodging A-2, pp. 5-27.)

Petitioner was sentenced to a term of incarceration of life indeterminate, with ten years fixed. His trial counsel did not file a notice of direct appeal for Petitioner.

Petitioner next filed a pro se petition for post-conviction relief raising four claims: trial counsel was ineffective for (1) failing to file a direct appeal; (2) failing to adequately investigate the case; (3) wrongfully advising Petitioner to plead guilty; and (4) communicating with him inadequately. (State's Lodging C-2.) The trial court granted relief on the claim that trial counsel was ineffective for failing to file a direct appeal, but
MEMORANDUM DECISION AND ORDER - 5

denied the other claims for failure to allege sufficient supporting facts. (*Id*.) The court re-entered judgment, which allowed Petitioner to file a notice of appeal. (State's Lodging A-2.)

Through counsel, Petitioner filed a direct appeal, asserting that his sentence was excessive under a state-law abuse-of-discretion theory. He received no relief from the Idaho Court of Appeals. (State's Lodgings B-1 to B-4.) Petitioner did not file a petition for review with the Idaho Supreme Court.

Petitioner also filed an appeal from dismissal of his other post-conviction claims. The state district court appointed the State Appellate Public Defender as counsel for Petitioner. Counsel later requested permission to withdraw from the case after failing to find any meritorious issues for appeal. (State's Lodging D-3 to D-5.) The Idaho Supreme Court permitted counsel to withdraw. Petitioner proceeded pro se, asserting that the trial court erred in dismissing his other ineffective assistance of counsel claims. Petitioner also raised two claims that his post-conviction counsel had been ineffective. (State's Lodging D-9.) Petitioner's claims were rejected by the Idaho Court of Appeals, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodgings D-12, D-13.)

3. **Discussion of Claims**

   A. *Claim One*

   Petitioner's first claim is ineffective assistance of counsel on direct appeal.

   i. Standard of Law

   The clearly-established law governing a claim of ineffective assistance of direct appeal counsel derives from *Strickland v. Washington*, 466 U.S. 668 (1984). There, the

**MEMORANDUM DECISION AND ORDER - 6**

United States Supreme Court determined that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

Effective legal assistance does *not* mean that appellate counsel must appeal every question of law or every nonfrivolous issue requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "Nothing in the Constitution" requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client." *Id*. at 754. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52.

To show prejudice with respect to direct appeal counsel's representation, a petitioner must show that his appellate attorney failed to raise an issue obvious from the trial record that probably would have resulted in reversal. *Miller v. Keeney*, 882 F.2d 1428, 1434 n.9 (9th Cir. 1989). If a petitioner does not show that an attorney's act or omission would probably have resulted in reversal, then he cannot satisfy either prong of *Strickland*: appellate counsel was not ineffective for failing to raise such an issue, and petitioner suffered no prejudice as a result of it not having been raised. *Id.* at 1435.

### ii. Discussion

Petitioner appears to be asserting that, after he won his right to have his direct appeal reinstated, his new counsel did not consult with him regarding which claims to bring, but instead brought only an excessive sentence claim.

Petitioner did not present this claim in a post-conviction appeal after the reinstated direct appeal process was over, and it is now too late to do so. Therefore, the claim is procedurally defaulted. Petitioner does not state *which* claims direct appeal counsel should have brought on appeal, and so there is no way to assess whether such claims would have been meritorious. Therefore, Petitioner has failed to show that any prejudice resulted from direct appeal counsel's choice of claims. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (a petitioner must show that appellate counsel did not pursue particular claims upon which there is a reasonable probability that Petitioner would have prevailed on appeal).

Alternatively, Petitioner's claim fails on the merits under a de novo review standard for the same reason. No facts whatsoever support Petitioner's claim that he had a meritorious direct appeal claim that had a reasonable probability of succeeding. For that reason, he has not shown that his direct appeal counsel performed deficiently, or that he suffered prejudice resulting from the omission of such claims on appeal.

### iii. Noncognizable Aspect of Claim One

As another component of his first claim, Petitioner asserts that his post-conviction appellate counsel was ineffective for failing to file an *Anders* brief. In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court established a procedure to safeguard

a defendant's Sixth Amendment right to direct appeal counsel. *Anders* approved a process allowing an appointed counsel in a direct criminal appeal who finds no meritorious appellate claims in the record to file an appellate brief indicating his or her belief that no meritorious issue exists, but to present anything in the record that might arguably support the appeal. *Id*. at 744. Petitioner's counsel simply filed a motion seeking to withdraw. When counsel was permitted to withdraw, Petitioner was forced to proceed pro se on post-conviction appeal.

This claim is not cognizable on federal habeas corpus review. Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44.

It is clear from case law explaining the import of *Anders* that Petitioner's claim is without merit. After *Anders*, the United States Supreme Court held that appellants in

post-conviction actions have no constitutional right "to insist on the *Anders* procedures." *Pennsylvania v. Finley*, 481 U.S 551, 557 (1987). Even though the Idaho Supreme Court later approved of use of *Anders* briefs on post-conviction review in *Freeman v. State*, 963 P.2d 1159 (Idaho 1998), it clarified:

> By approving the procedure adopted by Freeman's attorney when he was confronted with being appointed to represent a client whose appeal had no merit, this Court is not suggesting that the petitioner has a constitutional right to an attorney in the post-conviction proceedings. The Court is simply recognizing the procedures set forth in I.A.R. 34 when an attorney has been appointed.

963 P.2d at 116.

Therefore, Petitioner is mistaken that *Freeman* or *Anders* provides a way to assert that post-conviction counsel was ineffective as a federal habeas claim. Therefore, the claim is subject to dismissal.

### B. *Claim Two*

Claim Two consists of four vague ineffective assistance of trial counsel subclaims.

#### i. Standard of Law

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

The *Strickland* Court outlined how to use the factors of deficient performance and prejudice to assess an ineffective assistance claim:

> These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. As the Court of Appeals concluded, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 690-91.

Prejudice under these circumstances means there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

The foregoing standard, giving deference to counsel's decisionmaking, is the de novo standard of review. Another layer of deference—to the state court decision—is afforded under AEDPA. In giving guidance to district courts reviewing *Strickland* claims on habeas corpus review, the United States Supreme Court explained:

The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, *supra*, at 410, 120 S.Ct. 1495. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 101.

### ii. Discussion

Petitioner brought these claims before the Idaho Court of Appeals. That Court rejected the claims on this reasoning:

> The district court concluded that Mora failed to alleged any facts to establish deficient performance for these four claims. This Court agrees. Mora's petition and attached affidavit are void of facts and instead contain bare conclusions. His objection to the notice of intent to dismiss does not correct these deficiencies. Merely alleging that counsel failed to properly investigate, failed to file a motion to suppress, wrongfully advised, failed to communicate, and failed to properly advise, without facts to support such claims, is insufficient. The district court properly determined that Mora did not establish a prima facie case for his ineffective assistance of trial counsel claims.

(State's Lodging D-12, p. 3.)

This Court agrees that Petitioner has failed to provide any facts showing what more his defense attorney could have or should have done. Petitioner was charged both with rape and with being a persistent violator. At the change-of-plea hearing, Petitioner described the incident. He said that he was drinking, took some pills, and had sexual intercourse with his niece at a party. He acknowledged that he "said things to her that,

you know, frightened and scared her." (State's Lodging A-3, p. 25.) He agreed that he used force and that she attempted to resist. (*Id*.) The prosecutor added:

> Judge, I can indicate that she resisted, but her resistance was overcome. He also made threats to kill her. The sexual assault kit indicated that she had bleeding in her cervix and redness around her vagina, so it would support that it was a traumatic event.

(*Id*., pp. 25-26.)

While the Court understands that Petitioner would not have admitted this had he gone to trial, the Court cites the admissions simply to show the type of facts that Petitioner might have faced had he gone to trial, because no other facts are included anywhere in the record. Petitioner himself has not provided any additional facts that his attorney could have used in Petitioner's defense, such as that a DNA test would have proven that he did not commit the rape, that the victim had falsely accused him, or that witnesses could have testified that Petitioner had an alibi.

The trial judge also asked Petitioner at the change-of-plea hearing whether he had a chance to review the "pertinent evidence, police reports, and discovery in the case" with his defense counsel. (*Id*., p. 21.) Petitioner said that he had reviewed it, and he said that he agreed with his defense counsel that "there wasn't a viable motion to suppress." (*Id*.) In this action, Petitioner has not shown which issues could have been asserted in a motion to suppress, contrary to his statement to the trial court.

Throughout his state and federal post-conviction actions, Petitioner has failed to show which facts support his claim that his defense attorney performed inadequately and that it prejudiced his defense. Petitioner asserts that, because he won the ineffective

**MEMORANDUM DECISION AND ORDER - 13**

assistance of counsel claim *as to the failure to file a direct appeal*, his partial victory should carry over to provide support for his other ineffective assistance of counsel claims. To the contrary, each specific claim must stand or fall on its own set of facts particular to the type of claim asserted.

Accordingly, Petitioner's claims are subject to denial for failure to meet either prong of the *Strickland* test—deficient performance or prejudice. Accordingly, Clam Two in its entirety will be denied on the merits.

### C. *Claim Three*

Petitioner's third claim is that he was denied access to the courts because his post-conviction counsel did not respond to the court's notice of intent to dismiss certain claims, and state procedural rules prevented him from filing a supplemental pro se response to the court. This claim is not cognizable on habeas corpus review, because it is not a challenge to the conviction or sentence, but to the post-conviction proceedings, as explained above. As a result, Petitioner's third claim is subject to dismissal for failure to state a claim upon which relief can be granted.

### 4. Conclusion

Because Petitioner is not entitled to relief on any of his claims, his Petition for Writ of Habeas Corpus will be denied and dismissed with prejudice.

# ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED and DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 2, 2017

_____
Edward J. Lodge
United States District Judge